# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL RODRIGUEZ<br>　　Aka Martin Medina,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>G.J. GIURBINO,<br><br>　　　　　Respondent.<br>_____/ | CV F   04-5743 REC DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY[1]

On March 7, 2001, in the Tulare County Superior Court, a jury convicted Petitioner of petty theft, and found true the special allegation that he had suffered a conviction for a prior serious felony within the meaning of California's Three Strikes Law (Cal. Pen. Code §§ 667(b)-(i), 1170.12).  (1CT 116-117; 1RT 32, 49.)[2]

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's answer.

[2] As Respondent cites this Court too draws upon the records of all three cases related to and underlying Petitioner's claim, Tulare Superior Court No. 46103, 64966, 46009.  Upon remand by the Court of Appeal, Tulare Superior Court No. 46103 served as the prior conviction for an offense enumerated in California Penal Code section 666. All references to 1CT or 1RT are to the Clerk's Transcript or Reporter's Transcript in No. 64996; 2CT or 2RT refers to the respective transcripts in No. 46009; any references to 3CT are to the Clerk's Transcript in No. 46103. The California Court of Appeal, Fifth Appellate District, took judicial notice of the record in Case No. 46103 in Case No. F042623, Petitioner's appeal after remand in Case No. 64996.  (See Ex. M [Order].)  References to Supplemental 1CT (hereafter Supp. 1CT) refer to the bound volume of the Clerk's Transcripts in Case No. 64996

1

1   On April 4, 2001, the trial court found that Petitioner had suffered the prior convictions
2   as alleged in the information as to the petty theft charge. On this date, the trial court held a
3   hearing on the issue of identity for the prior serious felony. (Respondent's Exhibit G [Reporter's
4   Transcript for April 4, 2001].) Petitioner was sentenced as follows: for the petty theft with a
5   prior in No. 64966, the aggravated term of three years, was doubled because of the prior strike
6   felony (1CT 122); for the first degree burglary in Case No. 46009, the court ordered that to run
7   consecutive and imposed one third of the middle term (see Cal. Pen. Code, § 1170.1)[3] (1CT 122-
8   123; 2CT 141-143); the court terminated probation in No. 46103 (3CT 68.)

Petitioner filed a timely notice of appeal with the California Court of Appeal, Fifth Appellate District. The Fifth District Court of Appeal affirmed Petitioner's conviction, but remanded the matter for retrial on the issue of whether Petitioner had suffered a prior conviction for a crime enumerated in section 666 of the California Penal Code (petty theft with a prior conviction). (Respondent's Exhibit A, attached to Answer, Opinion in F037994.)

On or about December 20, 2002, Petitioner filed a petition for review with the California Supreme Court. (Respondent's Exhibit E, attached to Answer, Case No. F037994.) The petition was denied on January 15, 2003. (Respondent's Exhibit F, attached to Answer.)

Upon return to the Superior Court for the County of Tulare, Petitioner was identified as the person who suffered the prior conviction in Case No. 46103 for theft, a crime enumerated in California Penal Code section 666, and for which he served time in a penal institution. (Respondent's Exhibit P [RT of February 28, 2003].) The trial court re-sentenced Petitioner and re-imposed the same seven year, four month term. (Supp 1CT 9-10.) Petitioner filed a timely notice of appeal in Case Nos. 64996 and 46009. (Supp. 1CT 11; 2CT 151.) Petitioner's counsel on appeal briefed both matters in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1976), and <u>People v. Wende</u>, 25 Cal.3d 436 (1979) (see Respondent's Exh. H [Petitioner's Brief Pursuant to

---

(pages 120) for Petitioner's second appeal, California Court of Appeal, Fifth Appellate District, No. F042623.

[3] The term imposed in Case No. 46009 is subordinate to the term imposed in Case No. 64996. The court had previously imposed and stayed execution of a two year prison term, therefore the aggravated term for felony petty theft with a prior provided for a longer period of incarceration, thus became the base term. (See Cal. Pen. Code § 1170.1.)

Wende, F042623]; Exh. I [Petitioner's Brief Pursuant to Wende, F042617].) The California Court of Appeals affirmed Petitioner's convictions. (<u>See</u> Exh. K [Opinion, F042623]; Exh. L [Opinion, F024617].) Review was denied on April 14, 2004.[4] (Respondent's Exhibit O.)

Petitioner filed the instant federal petition for writ of habeas corpus on May 20, 2004. Pursuant to the Court's order, Respondent filed an answer on November 18, 2004. Petitioner did not file a traverse.

## STATEMENT OF FACTS[5]

> [Petitioner] entered a department store with an open backpack. Store security officers, both in person and on security cameras, observed [Petitioner] putting various items of merchandise both in his pockets and in the backpack. [Petitioner] left the store where he was detained by store security officers after a short struggle. After he was taken back to the security office, [Petitioner] struck one of the security officers in the groin with his knee.

## DISCUSSION

A. <u>Jurisdiction</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Tulare County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

---

[4] Petitioner's Exhibit A, and Respondent's Exhibit N, show that the California Supreme Court assigned Case No. S123156 to Petitioner's Petition from the Opinion of the Court of Appeal in Case No. F042623; however, the California Supreme Court's order denying the petition references the companion appeal in F042617. Although this discrepancy may have been a clerical error, Respondent notes that Petitioner attached the Opinion of the Court of Appeal in Case No. F042617. (See Respondent's Exh. O [Denial, with register of action]; compare Petitioner Exhibit A.) See Cal. Rules of Court, Rule 28.1(e) [no attachments to petition for review except opinion from which party seeks relief]. As Respondent submits, in any event, Petitioner's claim was exhausted following his first appeal.

[5] The following summary of facts are taken from the opinion of the California Court of Appeal, Fifth Appellate District appearing as Exhibit A, of the Answer to the Petition for Writ of Habeas Corpus. The Court finds the state Court of Appeal's summary is a correct and fair summary of the facts of the case.

of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v.

Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

C.     Sufficient Evidence Prior Conviction

Petitioner contends that the evidence was insufficient to support his prior conviction of residential burglary, a serious felony under California Three Strikes Law (Cal. Pen. Code, §§ 667(b)-(i), 1170.12.)  Petitioner asserts that the evidence presented to the court as proof that he suffered a conviction for a prior serious felony was insufficient because on remand the trial court examined only the record of his conviction in the Tulare County Superior Court Case No. 46103.

The law on insufficiency of the evidence claim is clearly established.  The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979). Sufficiency claims are judged by the elements defined by state law.  Id. at 324, n. 16.

Under California law, the prosecution has the burden of proving alleged prior convictions beyond a reasonable doubt.  See People v. Jones, 37 Cal.App.4th 1312, 1315 (1995).  Pursuant to section 969b, to establish prima facie evidence of a person's prior conviction punishable by commitment, "records or copies of records of any state penitentiary...in which such person has been imprisoned, when such records or copies thereof have been certified by the official custodian of such records, may be introduced as such evidence."

The California Court of Appeal affirmed the judgment without addressing this claim, and remanded for the sole issue of whether Petitioner suffered a prior conviction for an offense enumerated in the California Penal Code § 666.  (Respondent's Exhibit A.)  The California Supreme Court denied review.  (Respondent's Exhibit F.)  Following the trial court remand,

5

1 Petitioner subsequently filed a second petition for review to the California Supreme Court
2 (Respondent's Exhibit N), which again raised the instant claim that the evidence was insufficient
3 to prove that Petitioner suffered a prior conviction for first degree burglary under California's
4 Three Strikes Law. The petition was summarily denied. (Respondent's Exhibit O.)

5       The instant petition only challenges the sufficiency of the evidence of the prior burglary
6 conviction under California's Three Strikes Law, not the prior theft conviction under California
7 Penal Code § 666. Therefore, the determination of that issue on remand is insignificant to
8 whether there was sufficient evidence to support the finding that Petitioner suffered a prior
9 serious felony conviction under the Three Strikes law.

10       A review of the record demonstrates that sufficient evidence supports the finding that
11 Petitioner suffered a prior serious first degree burglary felony conviction under California's
12 Three Strikes Law. (Cal. Pen. Code §§ 667.(b)-(i), 1170.12.) At his jury trial, Petitioner elected
13 not to bifurcate the issue of whether he had suffered a prior serious felony. (1RT 30.) The jury
14 was presented with a certified verdict form showing Petitioner's conviction for first degree
15 residential burglary (see 2CT 89), and a sentencing minute order (see 2CT 113).[6] At trial,
16 Petitioner did not object to the introduction of these documents certified by the court, except to
17 claim that identity was an issue for the jury. (1RT 28.) Under California law, the trier of fact
18 considers only court documents, and determines only whether the defendant suffered the
19 conviction; the questions of identity and whether the prior conviction qualifies as serious under
20 California's Three Strikes Law are questions for the court. Cal. Pen. Code §§ 667(b)-(i),
21 1025(c), 1170.12; People v. Kelli, 21 Cal.4th 452, 456-457 (1999); People v. Epps, 25 Cal.4th
22 19, 26 (2001).[7] The jury was instructed that Petitioner was the person whose name appeared on
23 the documents showing the prior conviction for a serious felony, and that it was the jury's role as
24 trier of fact to determine the truth of that allegation. (1RT 41-42; 1CT 92-93.) The jury returned

---

[6] The record in Case No. 64996 does not contain the actual exhibits, but the trial court referred to those documents from the record in Case No. 46009. (1RT 27-28.)

[7] In this instance, the prior strike conviction of first degree burglary is per se a serious felony under California Penal Code section 1192.7(c)(18).

a true finding that Petitioner had suffered a prior conviction for a serious felony.[8]  (1RT 49-50, 1CT 102.)

Following the jury's verdict, on April 4, 2001, the trial court held a hearing to prove the prior burglary conviction. (RT April 4, 2001.) Initially, the trial court took judicial notice of the documents relating to Case No. 46009. (Id. at 4.) The prosecution called Deputy District Attorney Angela Oliver who testified that on October 4, 1999, she participated in a jury trial in which Petitioner was charged with and convicted of first degree residential burglary. (Id. at 4-5.) For that conviction, Petitioner was sentenced to two years in prison, which was suspended for three years. (RT April 4, 2001, at 6; 2CT 113.) The trial court made the specific finding that Petitioner was convicted in Case No. 46009 of first degree burglary. (RT April 4, 2001, at 6.)

As previously stated the jury was presented with both a copy of the verdict form and minute order demonstrating that Petitioner was convicted of first degree residential burglary in violation of California Penal Code § 459. (2CT 89, 113.)

Based on the evidence and testimony presented, the Court finds that the prosecution provided sufficient evidence from which a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt, i.e., that Petitioner was previously convicted of a violation of California Penal Code section 459, so as to warrant the enhancement pursuant to California's Three Strikes Law (Cal. Pen. Code §§ 667(b)-(i), 1170.12.) To the extent Petitioner seeks to argue that because he did not actually serve prison time on the burglary conviction, it cannot constitute a strike, it is without merit. A two-year prison term was imposed, but was suspended for the three year term of probation. The instant offense was committed while Petitioner was serving the probationary term. As previously stated, the term imposed in Case No. 46009 is subordinate to the term imposed in Case No. 64996. The court had previously imposed and stayed execution of a two year prison term, therefore the aggravated term for felony petty theft with a prior provided for a longer period of incarceration, thus became the base term. (See

---

[8] As Respondent submits, the jury actually made two separate findings; the first that Petitioner suffered prior convictions as part of the finding that he committed the offense of petty theft with a prior conviction (1CT 101); and, second, that he suffered a prior conviction of a serious or violent felony (1CT 102).

7

Cal. Pen. Code § 1170.1.)  Accordingly, the California courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DENIED; and

2. Judgment be entered in favor of Respondent.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 25, 2005          /s/ Dennis L. Beck
3b142a                          UNITED STATES MAGISTRATE JUDGE